UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

STEVE ELLIS KARACSON,

    Petitioner,

v.                                    Case No. 21-12103

DAVID SHAVER et al.,

    Respondents,
_____/

**OPINION AND ORDER
SUMMARILY DISMISSING COMPLAINT**

Before the court is a *pro se* civil rights complaint brought by Steve Ellis Karacson, pursuant to 42 U.S.C. § 1983. Having reviewed Plaintiff's complaint, the court dismisses it without prejudice for failure to state a claim for which relief can be granted and for being duplicative of a previously filed civil rights complaint.

Plaintiff, in his current complaint, alleges that he was denied his Sixth and Fourteenth Amendment right to counsel. Plaintiff has attached to his complaint a sheet of paper, in which he alleges that the Michigan Department of Corrections (M.D.O.C.) and its employees were deliberately indifferent to the dangers caused by COVID-19. Additionally, he alleges the theft of his personal property, the denial of telephone privileges while incarcerated at the Wayne County Jail, and the M.D.O.C.'s failure to follow its own procedures regarding administrative hearings on these matters. For each "claim," Plaintiff provides only a handful of facts describing the claim. (*See, e.g.*, ECF No. 1, PageID.5 ("For the damages caused to me by the way [Defendants] handled COVID-19 and theft through their policy.").)

1

On the same day that the present suit was docketed, Plaintiff filed another lawsuit against Defendants and raised several identical claims. Judge Michelson recently explained why these different suits were filed at the same time:

> Upon review of the Court's electronic filing system, it appears that on September 1, 2021, Karacson sent a single mailing to the Clerk's Office, and the Clerk's Office thought Karacson had intended to file three cases. The end result was that one of Karacson's cases is this one before the undersigned, Judge Laurie Michelson (Case No. 21-12101). Another case is now pending before Judge Thomas Ludington (Case No. 21-12102). And a third case is a habeas corpus case pending before Judge Robert Cleland (Case No. 21-12103).

*Karacson v. Michigan*, No. 21-CV-12101, 2021 WL 5177475, at *3 (E.D. Mich. Nov. 8, 2021) (Michelson, J.).

The court is required to screen new complaints filed by prisoners and to dismiss any complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The court concludes that the suit presently at issue is mostly a summary of claims that were more fully laid out in Case No. 21-12101. (It appears the present action should never have been filed as a separate case with a new case number in the first place.) The complaint filed in the present suit contains only a conclusory list of allegations with almost no stated factual predicate. This is clearly insufficient to establish a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim].").

But even when the court considered essentially the same factual allegations (in a more fleshed-out form) under Case No. 21-12101, the court still dismissed all of Defendant's claims. The court found that the Eleventh Amendment bars suits against the state agencies and entities named in the suit, that Defendant Judge Michael Hathaway was protected by judicial immunity, and that the complaint failed to "allege[] that [Defendant] Shaver was directly involved in the" purported illegal acts. *Karacson*, 2021 WL 5177475, at *2. The same reasoning applies here.

Furthermore, it should be noted that the Sixth Circuit has held that a district court "has broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." *In re Camall Co.*, 16 F. App'x 403, 408 (6th Cir. 2001) (citing *In Re White Motor Credit*, 761 F.2d 270, 274-75 (6th Cir. 1985)).

In sum, the present action lacks an arguable basis in law and is duplicative of a past civil complaint. Accordingly,

IT IS ORDERED that the complaint is summarily DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

IT IS FURTHER ORDERED that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

            s/Robert H. Cleland     /
            ROBERT H. CLELAND
            UNITED STATES DISTRICT JUDGE

Dated:  November 23, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 23, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett for Lisa Wagner    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Staff Attorney\21-12103.KARACSON.DismissingComplaint.DB.AAB.docx